73 F.3d 359
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Delaney JOHNSON, a/k/a Delaney Johnson, a/k/a
Delaney Mike Johnson, Defendant-Appellant.
 No. 94-5717.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 18, 1995.
Decided Dec. 7, 1995.
 
 Paul A. Goldberger, Robert A. Horne, GOLDBERGER & DUBIN, New York, New York; J. Jeffrey Weisenfeld, New York, New York, for Appellant. J. Preston Strom, Jr., United States Attorney, A. Peter Shahid, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.
 Before HALL, WILKINSON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Delaney Johnson appeals from his conviction for knowingly possessing a firearm as a convicted felon in violation of 18 U.S.C. Sec. 922(g) (1988) and 18 U.S.C.A. Sec. 924(e) (West 1976 & Supp.1995). We affirm.
 
 
 2
 Johnson was driving home at 5:00 a.m. on a Saturday morning when two South Carolina police officers observed him make a right turn from a side road. Johnson then drove between ten to fifteen miles an hour even though the posted speed limit was thirty miles an hour. The officer operating the police vehicle thought a drunk driver might be operating the car, so he activated the blue light on top of the police vehicle, then the white wig-wag lights, and then the siren. However, Johnson continued at the same speed for approximately two-tenths of a mile and turned left. The officers followed Johnson for approximately two to three-tenths of a mile. Johnson then turned left into the driveway of his residence and stopped the car about two feet from the garage door. Johnson exited his car, but because he left the car's ignition on and the gear shaft was jammed in drive, the car ran into the garage door. As one of the officers placed Johnson under arrest for failing to stop for a blue police light, the other officer went into Johnson's car to turn off the ignition and to place the gear in park. As the officer started to exit the vehicle, he placed his hand down on the car seat and felt a gun.
 
 
 3
 Johnson initially pled not guilty and moved to suppress the gun. The district court held a suppression hearing and denied the motion. Johnson subsequently withdrew his not guilty plea and entered a conditional plea of guilty pursuant to Fed.R.Crim.P. 11(a)(2), reserving the right to appeal the district court's denial of his motion to suppress.
 
 
 4
 On appeal, Johnson claims that: (1) the district court erred in finding that the police had a reasonable suspicion to stop his car; and (2) the district court erred in concluding that the gun was seized lawfully.
 
 
 5
 Johnson asserts that the seizure of the firearm was the result of an unlawful stop of his vehicle. He contends the police officers did not have a reasonable suspicion to believe that he was driving while intoxicated. This court reviews the district court's legal conclusions de novo but reviews the factual determinations made by the district court on suppression issues under a clearly erroneous standard. United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992).
 
 
 6
 Under the Fourth Amendment, the officers were justified in making a warrantless investigatory stop of Johnson's automobile if they had a reasonable suspicion, based on articulable facts, that the occupants were engaged in unlawful activity. United States v. Crittendon, 883 F.2d 326, 328 (4th Cir.1989) (citing Terry v. Ohio, 392 U.S. 1 (1968)). The validity of the stop is judged on the basis of the officers' knowledge at the moment of the seizure. Terry, 392 U.S. at 21-22.
 
 
 7
 The district court specifically found that when the officers effected the stop at 5:00 a.m. on a Saturday morning, Johnson had driven ten to fifteen miles an hour for a substantial period of time and that Johnson drove approximately two-tenths of a mile without stopping while a police vehicle followed him with its lights and siren on. Therefore, although the officers suspected that a drunk driver might be operating the car, they had an objective basis to stop Johnson's car because Johnson committed a traffic offense by failing to stop when the officers activated their lights and siren. United States v. Hassan El, 5 F.3d 726, 730 (4th Cir.1993) (citing United States v. Cummins, 920 F.2d 498, 499-501 (8th Cir.1990), cert. denied, 502 U.S. 962 (1991)), cert. denied, 62 U.S.L.W. 3640 (U.S.1994). The officers' subjective motive behind the stop was irrelevant. See United States v. Jeffus, 22 F.3d 554, 557 (4th Cir.1994).
 
 
 8
 The district court's findings are not clearly erroneous in light of the officers' testimony regarding the stop of Johnson. See Rusher, 966 F.2d at 873. Based on these facts, we find that the police officers had a reasonable suspicion to stop Johnson's vehicle.
 
 
 9
 Johnson next claims that the district court's factual finding that the gun was located on the driver's seat next to the armrest was clearly erroneous. He further contends that the court's conclusion, based on that finding, that the gun was seized pursuant to the "plain feel" exception was erroneous.* However, we find that the warrantless seizure of the gun in this case was lawful because it was justified by the rationale of the "plain feel" doctrine.
 
 
 10
 The warrantless seizure of contraband discovered through touch is justified by the same practical considerations inherent in the plain view context. Minnesota v. Dickerson, 61 U.S.L.W. 4544, 4547 (U.S.1993). The plain view doctrine provides that a law enforcement officer may seize evidence without a warrant if: (1) the officer is lawfully located in a place where the evidence is located; (2) the evidence may be plainly seen; and (3) the incriminating nature of the evidence is immediately apparent. See Horton v. California, 496 U.S. 128, 136-37 (1990).
 
 
 11
 The district court found that after Johnson exited his car, the car was still in gear with the motor running, and that the car was going through a garage door as one of the officers took Johnson into custody. These facts are undisputed. Based on these facts, it was reasonable for the other officer to enter Johnson's car for safety purposes to stop the vehicle's movement.
 
 
 12
 The court further found that the officer felt the gun as he properly acted to stop the car and recognized it as a gun. The officer who found the gun testified that when he started to exit the car he put his hand down to help himself out when he felt something and indicated to the other officer that he found a gun. In light of the officers' testimony regarding the seizure of the gun, these findings are not clearly erroneous.
 
 
 13
 If the officer saw the gun instead of feeling the gun, the warrantless seizure of the gun would have been justified under the plain view doctrine. See Horton, 496 U.S. at 136-37. Because the seizure would have been justified if the officer saw the gun, the same justification is applicable because the officer felt the gun. Dickerson, 61 U.S.L.W. at 4547. Therefore, Johnson's Fourth Amendment rights were not violated by the seizure of the gun.
 
 
 14
 Accordingly, we affirm Johnson's conviction and sentence for possession of a firearm as a convicted felon because the district court properly denied the motion to suppress the gun. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Although Johnson makes several attacks on the credibility of the officers' testimony, this Court does not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989)